## IN THE UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MISSOURI

| | |
|---|---|
| CARTESSA SMITH )<br>    Plaintiff )<br> )<br>VS. )<br> )<br>GREAT CIRCLE )<br>    Defendant ) | Case No. 4:19-cv-00988<br><br><br>JURY TRIAL DEMANDED |

## COMPLAINT

PLAINTIFF, by counsel, sets forth her Complaint against Defendant as follows:

1. This cause of action is brought pursuant to Title VII of the Civil Rights Act

2. Plaintiff is a natural person residing in Missouri.

3. The events giving rise to this cause of action occurred in Missouri.

4. Defendant is an entity employing individuals in the State of Missouri.

5. Plaintiff was an employee of Defendant at its location in St. James, Missouri from March 2016 to November 2017.

6. Plaintiff is African-American.

7. Defendant employed Plaintiff as a therapist.

8. At the time of Plaintiff's hire, Plaintiff was the only African-American therapist employed by Defendant at its location in St. James, Missouri.

9. As a therapist, Defendant's duties included providing group therapy, individual therapy and family therapy.

10. While employed by Defendant, Plaintiff was the target of unwelcome comments by white co-workers.

11. Said comments included statements that Plaintiff looked "fierce", "unapproachable", and "abrasive".

12. Said comments were directed at Plaintiff because of Plaintiff's race.

13. Said comments were severe and pervasive.

14. Plaintiff reported the unwelcome comments to her superiors.

15. Plaintiff was also the subject of multiple incidents of unwanted touching and grabbing by co-workers.

16. Said unwanted contact was directed at Plaintiff because of Plaintiff's race.

17. Said unwanted contact was severe and pervasive.

18. Plaintiff reported the unwanted contact to her superiors.

19. While employed by Defendant, Plaintiff became aware of complaints made by African-American clients of Defendants against staff of Defendant.

20. Said complaints included that African-American clients had been subjected to physical beatings, unnecessary restraints, and lack of proper hygiene.

21. Plaintiff reported the complaints of clients to her superiors.

22. In summer 2017 Plaintiff was promoted to the position of Associate Clinical Services Manager ("ACSM") on a probationary basis.

23. White employees who were promoted to ACSM were not given a probationary period at the time of their promotion.

24. Prior to Plaintiff's promotion, Plaintiff was required to interview with individuals of Defendant whom white candidates for the position did not have to interview with.

25. Following Plaintiff's promotion, Plaintiff was the target of retaliation for Plaintiff's previous complaints of racial discrimination and harassment.

26. In August 2017 Plaintiff was written up for not answering her phone while attending to a client in a severe state of distress.

27. Plaintiff's actions were not a violation of Defendant's policies or procedures.

28. Also, in August 2017 Plaintiff was again written up because Plaintiff discovered a file containing negative statements regarding Plaintiff's work performance in the computer system.

29. Plaintiff had not committed any violation of Defendant's policies or procedures to warrant said write-up.

30. In November 2017 Plaintiff was again written up for agreeing to switch her work shifts with a co-worker.

31. Plaintiff's actions were permitted under Defendant's rules and procedures.

32. Said write ups were made because of Plaintiff's race and in retaliation for Plaintiff's previous complaints of racial harassment and discrimination.

33. On or about November 27, 2017 Defendant terminated Plaintiff's employment.

34. Defendant terminated Plaintiff's employment because of Plaintiff's race and in retaliation for Plaintiff complaining about racial harassment and discrimination.

35. As a result of Defendant's actions, Plaintiff has been damaged.

36. Defendant's actions were willful, wanton, and made with evil motive or reckless indifference to Plaintiff's rights.

37. In February 2018 Plaintiff filed a Charge of Discrimination with the EEOC. A true and accurate copy is attached hereto as Exhibit 1 and incorporated herein by reference.

38. On March 21, 2019 the EEOC issued Plaintiff a Notice of Right to Sue. A true and accurate copy is attached hereto as Exhibit 2 and incorporated herein by reference.

39. Plaintiff requests a Trial by Jury.

WHEREFORE Plaintiff prays the Court for judgment against Defendant for Plaintiff's damages, costs, attorney fees, punitive damages, and such other relief as is just and proper.

LAMPERT LAW OFFICE, LLC

By:/s/ Raymond Lampert_____
 Raymond Lampert, #57567MO
 2847 S. Ingram Mill Rd., Ste A-100
 Springfield, MO 65804
 Phone: (417) 886-3330
 Fax: (417) 886-8186
 ray@lampertlaw.net
 *Attorney for Plaintiff*
 *Appearing Pro Hac Vice*